UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

    v.

GHEORGUI MARTOV,
    aka "Mitsubishi,"
    aka "Mitsu,"
RADOSLAV PAVLOV,
    aka "Radi,"
MIHAIL PETROV,
DOMENIKO EVTIMOV,
IVAN KOTSELOV,
GEORGI VANGELOV,
    aka "Zhoro,"
ALEXANDER SAVOV,
SVETOSLAV NEDELCHEV,
    aka "Svetlyo,"
EMIL GOSPODINOV,
    aka "Emo,"
DANIEL YORDANOV,
    aka "Dani,"
DEYAN SLAVCHEV,
    aka "Dido,"
KARL POPOVSKI,
    aka "Kiro Papata,"
NIKOLAY TODOROV,
    aka "Niketsa,"
MLADEN GUEORGUIEV,
NEDISLAV GABOV,
DIMO DESHKOV, and
TEMENUGA KOLEVA,
    aka "Nushka"

Violations: Title 18, United States Code, Sections 3, 1343, 1519, 1956(a)(2)(B)(i), and 1956(h).

JUDGE RONALD GUZMAN

14 CR 131

MAGISTRATE JUDGE VALDEZ



FILED
3-12-14
MAR 12 2014
THOMAS G. BRUTON

COUNT ONE

The SPECIAL MARCH 2013 GRAND JURY charges:

1

1. Beginning no later than May 2011, and continuing to at least September 2012, in the Northern District of Illinois, Eastern Division, and elsewhere:

> GHEORGUI MARTOV,
> aka "Mitsubishi,"
> aka "Mitsu,"
> RADOSLAV PAVLOV,
> aka "Radi,"
> MIHAIL PETROV,
> DOMENIKO EVTIMOV,
> IVAN KOTSELOV,
> GEORGI VANGELOV,
> aka "Zhoro,"
> ALEXANDER SAVOV,
> SVETOSLAV NEDELCHEV,
> aka "Svetlyo,"
> DANIEL YORDANOV,
> aka "Dani,"
> DEYAN SLAVCHEV,
> aka "Dido,"
> KARL POPOVSKI,
> aka "Kiro Papata,"
> NIKOLAY TODOROV,
> aka "Niketsa,"
> MLADEN GUEORGUIEV,
> NEDISLAV GABOV, and
> DIMO DESHKOV,

defendants herein, together with other co-schemers known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, which scheme is further described below.

2. It was part of the scheme that co-schemers including defendants RADOSLAV PAVLOV, MIHAIL PETROV, DOMENIKO EVTIMOV, and others acting at their direction, who were located outside the United States for part or all

of the scheme, fraudulently obtained ATM and debit card numbers and the personal identification numbers ("PINs") associated with those ATM and debit card accounts from locations in Europe and elsewhere, without the true accountholders' knowledge or consent. Defendants PAVLOV, PETROV, EVTIMOV, along with defendant ALEXANDER SAVOV and others acting at their direction, would then transfer fraudulently obtained ATM and debit card numbers and associated PINs electronically, often by Skype or email, to defendant GHEORGUI MARTOV, who gave the information to defendants IVAN KOTSELOV, GEORGI VANGELOV, SVETOSLAV NEDELCHEV, DANIEL YORDANOV, DEYAN SLAVCHEV, KARL POPOVSKI, NIKOLAY TODOROV, MLADEN GUEORGUIEV, NEDISLAV GABOV, and DIMO DESHKOV, so that they would use that information to withdraw money fraudulently from victims' accounts using ATM machines at various locations. The fraudulently obtained money was then divided up among the defendants.

3.    It was further part of the scheme that ALEXANDER SAVOV, arranged to deliver fraudulently obtained ATM and debit card numbers and associated PINs to GHEORGUI MARTOV, intending that MARTOV and his co-schemers use that information to withdraw money fraudulently from victims' accounts using ATM machines at various locations.

4.    It was further part of the scheme that after receiving the fraudulently obtained ATM and debit card numbers and associated PINs, MARTOV distributed that information electronically, often by Skype or email, to his co-schemers located

in the greater Chicago area, including co-schemers KOTSELOV, VANGELOV, NEDELCHEV, YORDANOV, SLAVCHEV, POPOVSKI, TODOROV, GUEORGUIEV, GABOV, and DESHKOV, intending that his co-schemers use the identifying information to withdraw money fraudulently from victims' accounts using ATM machines at various locations.

5.     It was further part of the scheme that after receiving the fraudulently obtained ATM and debit card numbers and associated PINS electronically, co-schemers including KOTSELOV, VANGELOV, NEDELCHEV, YORDANOV, SLAVCHEV, POPOVSKI, TODOROV, GUEORGUIEV, and GABOV would encode the fraudulently obtained ATM and debit card numbers onto the magnetic strip of blank or recycled cards.

6.     It was further part of the scheme that co-schemers, including KOTSELOV, VANGELOV, NEDELCHEV, YORDANOV, SLAVCHEV, POPOVSKI, TODOROV, GUEORGUIEV, GABOV, and DESHKOV, once in possession of encoded cards containing the fraudulently obtained ATM and debit card numbers, traveled to Chicago area ATMs to withdraw and attempt to withdraw funds from victims' accounts, without the victims' knowledge or consent.

7.     It was further part of the scheme that co-schemers, including KOTSELOV, VANGELOV, NEDELCHEV, YORDANOV, SLAVCHEV, POPOVSKI, TODOROV, GUEORGUIEV, GABOV, and DESHKOV used the fraudulently obtained PIN codes at Chicago area ATMs, thereby implicitly and fraudulently

representing themselves to be the accountholder or someone authorized by the accountholder, to withdraw and attempt to withdraw funds from victims' accounts.

8.     It was further part of the scheme that co-schemers, including KOTSELOV, VANGELOV, NEDELCHEV, YORDANOV, SLAVCHEV, POPOVSKI, TODOROV, GUEORGUIEV, GABOV, and DESHKOV, acting at the direction of MARTOV, withdrew and attempted to withdraw funds from ATMs shortly before and shortly after midnight in the timezone of the issuing bank in an attempt to circumvent the daily withdrawal limits on the victims' accounts.

9.     It was further part of the scheme that the co-schemers, including KOTSELOV, VANGELOV, NEDELCHEV, YORDANOV, SLAVCHEV, POPOVSKI, TODOROV, GUEORGUIEV, GABOV, and DESHKOV, acting at the direction of MARTOV, attempted to conduct transactions simultaneously with other transactions in order to withdraw money before the issuing banks could detect the fraud and deactivate the ATM and debit card numbers.

10.     It was further part of the scheme that MARTOV divided the proceeds of the scheme amongst the co-schemers and transferred a portion of the proceeds to his co-schemers located outside the United States, often using "straw" sender and receiver names.

11.     It was further part of the scheme that the co-schemers concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

12.     On or about October 28, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
IVAN KOTSELOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Norridge, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 3, 2011, at Schiller Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
GEORGI VANGELOV,
aka "Zhoro," and
DEYAN SLAVCHEV,
aka "Dido,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Schiller Park, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 6, 2011, at River Grove, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
GEORGI VANGELOV,
aka "Zhoro," and
DIMO DESHKOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in River Grove, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT FOUR</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 6, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,<br>
aka "Mitsubishi,"<br>
aka "Mitsu,"<br>
GEORGI VANGELOV,<br>
aka "Zhoro," and<br>
DIMO DESHKOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Chicago, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 6, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
SVETOSLAV NEDELCHEV,
aka "Svetlyo,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Norridge, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

10

## COUNT SIX

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 6, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
IVAN KOTSELOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Norridge, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT SEVEN</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 12, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
DOMENIKO EVTIMOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate and foreign commerce certain signals and sounds, namely, a telephone call routed between a location in the Northern District of Illinois and a location outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

12

## COUNT EIGHT

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 14, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
GEORGI VANGELOV,
aka "Zhoro,"
DEYAN SLAVCHEV,
aka "Dido," and
DIMO DESHKOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Norridge, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT NINE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about November 22, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
SVETOSLAV NEDELCHEV,
aka "Svetlyo,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Norridge, Illinois, and a server outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TEN

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.    On or about December 17, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
MIHAIL PETROV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate and foreign commerce certain writings, signs, and signals, namely, a text message routed between a location in the Northern District of Illinois and a location outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT ELEVEN

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about December 17, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
RADOSLAV PAVLOV,
aka "Radi,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate and foreign commerce certain signals and sounds, namely, a telephone call routed between a location in the Northern District of Illinois and a location outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT TWELVE</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about December 18, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,<br>
aka "Mitsubishi,"<br>
aka "Mitsu," and<br>
ALEXANDER SAVOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals and sounds, namely, a telephone call routed between a location in the Northern District of Illinois and a location outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTEEN

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about December 18, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
ALEXANDER SAVOV,
GEORGI VANGELOV,
aka "Zhoro," and
DEYAN SLAVCHEV,
aka "Dido,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Norridge, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOURTEEN

The SPECIAL MARCH 2013 GRAND JURY further charges:

3.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

1.     On or about January 15, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
DANIEL YORDANOV,
aka "Dani,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals and sounds, namely, a telephone call routed between a location in the Northern District of Illinois and a location outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIFTEEN

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about January 15, 2012, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
DANIEL YORDANOV,
aka "Dani,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Norridge, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIXTEEN

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2. On or about January 24, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
RADOSLAV PAVLOV,
aka "Radi," and
NIKOLAY TODOROV,
aka "Niketsa,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate and foreign commerce certain signals and sounds, namely, a telephone call routed between a location in the Northern District of Illinois and a location outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT SEVENTEEN</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about January 25, 2012, at Franklin Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
NIKOLAY TODOROV,
"Niketsa,"

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Franklin Park, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT EIGHTEEN</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about January 30, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
MIHAIL PETROV, and
IVAN KOTSELOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate and foreign commerce certain writings, signs, and signals, namely, a text message routed between a location in the Northern District of Illinois and a location outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT NINETEEN</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

On or about January 30, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

**TEMENUGA KOLEVA,**
aka "Nushka,"

defendant herein, knowing that an offense against the United States had been committed, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, did assist the offender, namely, GHEORGUI MARTOV, aka "Mitsubishi," aka "Mitsu," in order to hinder and prevent his apprehension, trial, and punishment;

In violation of Title 18, United States Code, Section 3.

<u>COUNT TWENTY</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

On or about January 30, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu," and
TEMENUGA KOLEVA,
aka "Nushka,"

defendants herein, knowingly destroyed a record, namely, computer files and internet browsing history, with the intent to impede and obstruct the investigation of a matter within the jurisdiction of a department or agency of the United States, namely, an investigation of wire fraud conducted by the FBI;

In violation of Title 18, United States Code, Sections 1519 and 2.

25

<u>COUNT TWENTY ONE</u>

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about May 2, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
KARL POPOVSKI
aka "Kiro Papata,"
MLADEN GUEORGUIEV, and
NEDISLAV GABOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Chicago, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWENTY TWO

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about May 10, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
KARL POPOVSKI
aka "Kiro Papata," and
MLADEN GUEORGUIEV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Chicago, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWENTY THREE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

2.     On or about May 17, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
KARL POPOVSKI
aka "Kiro Papata," and
MLADEN GUEORGUIEV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Chicago, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWENTY FOUR

The SPECIAL MARCH 2013 GRAND JURY further charges:

3.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein.

4.     On or about May 26, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
KARL POPOVSKI
aka "Kiro Papata," and
NEDISLAV GABOV,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce certain signals, namely, a communication between an ATM terminal in Chicago, Illinois, and a server located outside Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TWENTY FIVE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.     At times material to this indictment:

        a.     EMIL GOSPODINOV owned and operated a business known as BG Center Rodina.

        b.     BG Center Rodina was located at 4828 N. Cumberland Ave., in Norridge, Illinois.

        c.     Among other things, BG Center Rodina was involved in the business of transmitting funds via MoneyGram.

        d.     As part of its business, BG Center Rodina transmitted and transferred funds from the United States via MoneyGram to locations outside of the United States, including Bulgaria and Italy.

        e.     To transmit or transfer funds via MoneyGram, a sender was required to provide identifying information, typically including the sender's name, address, and driver's license number.

        f.     A sender was required to provide information identifying the recipient of the funds, including the recipient's name.

        g.     Once the transaction had been initiated, a sender would be given a reference number in order to track the transmission, transfer, and receipt of the funds.

2.     Beginning no later than 2011, and continuing at least through in or about April 2012, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

GHEORGUI MARTOV,
aka "Mitsu,"
MIHAIL PETROV, and
EMIL GOSPODINOV,
aka "Emo,"

defendants herein, did conspire and agree with each other and with others known and unknown to the Grand Jury, to knowingly transmit and transfer funds from a place in the United States to a place outside the United States, knowing that the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transmission and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343, in violation of Title 18, United States Code, § 1956(a)(2)(B)(i).

3.     It was part of the conspiracy that defendant GHEORGUI MARTOV received proceeds of specified unlawful activity, namely, wire fraud, in violation of 18 U.S.C. § 1343, from co-schemers.  MARTOV arranged to have a portion of the funds received transferred to co-schemers located outside the United States, including MIHAIL PETROV, as described more below.

4.     It was further part of the conspiracy that MARTOV recruited individuals who agreed to pose as the true sender of the funds, when in fact, as they

31

knew, the funds were being sent by MARTOV. On several occasions, MARTOV paid these senders a fee as compensation for agreeing to pose as the true sender of funds. MARTOV used individuals other than himself to send the funds in order to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343.

5. It was further part of the conspiracy that MIHAIL PETROV, and others known and unknown to the Grand Jury, while in locations outside the United States, received funds using names other than their true names, in order to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343.

6. It was further part of the conspiracy that MARTOV delivered and directed others to deliver the funds to co-conspirator EMIL GOSPODINOV at BG Center Rodina.

7. It was further part of the conspiracy that GOSPODINOV, upon receipt of the funds from MARTOV, transmitted and transferred these funds via MoneyGram to MARTOV's co-schemers located outside the United States, using nominee senders and receivers on the transactions. GOSPODINOV did so knowing that the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the names listed as the senders and receivers of the funds were not the true senders or receivers of the funds, but

were being used in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the funds.

8.     It was further part of the conspiracy that MARTOV communicated with the co-conspirators located outside the United States, including PETROV, to receive the names to be identified as the intended recipients, knowing that these names were not the names of the actual recipients of the funds, but were being used to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343.

9.     It was further part of the conspiracy that GHEORGUI MARTOV, MIHAIL PETROV, and EMIL GOSPODINOV misrepresented, concealed, and hid, and caused and attempted to have others misrepresent, conceal, and hide, the purposes of and the acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWENTY SIX

The SPECIAL MARCH 2013 GRAND JURY further charges:

On or about November 22, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere:

GHEORGUI MARTOV,
aka "Mitsu," and
EMIL GOSPODINOV,
aka "Emo,"

defendants herein, knowingly transmitted and transferred funds from a place in the United States to a place outside the United States, namely, a transmission and transfer of $2,200 in funds via MoneyGram from the United States to Bulgaria, knowing that the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transmission and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343;

In violation of Title 18, United States Code, § 1956(a)(2)(B)(i).

## COUNT TWENTY SEVEN

The SPECIAL MARCH 2013 GRAND JURY further charges:

On or about November 30, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere:

GHEORGUI MARTOV,
aka "Mitsu," and
EMIL GOSPODINOV,
aka "Emo,"

defendants herein, knowingly transmitted and transferred funds from a place in the United States to a place outside the United States, namely, a transfer of $3,200 in funds via MoneyGram from the United States to Italy, knowing the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transmission and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343;

In violation of Title 18, United States Code, § 1956(a)(2)(B)(i).

## COUNT TWENTY EIGHT

The SPECIAL MARCH 2013 GRAND JURY further charges:

On or about December 6, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere:

GHEORGUI MARTOV,
aka "Mitsu," and
EMIL GOSPODINOV,
aka "Emo,"

defendants herein, knowingly transmitted and transferred funds from a place in the United States to a place outside the United States, namely, a transfer of $5,600 in funds via MoneyGram from the United States to Bulgaria, which transaction involved the proceeds of specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transmission and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343;

In violation of Title 18, United States Code, § 1956(a)(2)(B)(i).

## COUNT TWENTY NINE

The SPECIAL MARCH 2013 GRAND JURY further charges:

On or about December 19, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere:

GHEORGUI MARTOV,
aka "Mitsu,"
MIHAIL PETROV, and
EMIL GOSPODINOV,
aka "Emo,"

defendants herein, knowingly transmitted and transferred funds from a place in the United States to a place outside the United States, namely, a transfer of $640 in funds via MoneyGram from the United States to Bulgaria, which transaction involved the proceeds of specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transmission and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343;

In violation of Title 18, United States Code, § 1956(a)(2)(B)(i).

## FORFEITURE ALLEGATION ONE

The SPECIAL MARCH 2013 GRAND JURY further alleges:

1.     The allegations contained in Counts One through Eighteen, and Counts Twenty One through Twenty Four of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     As a result of their violations of Title 18, United States Code, Section 1343, as alleged in Counts One through Eighteen, and Counts Twenty One through Twenty Four of the foregoing indictment,

GHEORGUI MARTOV,
aka "Mitsubishi,"
aka "Mitsu,"
RADOSLAV PAVLOV,
aka "Radi,"
MIHAIL PETROV,
DOMENIKO EVTIMOV,
IVAN KOTSELOV,
GEORGI VANGELOV,
aka "Zhoro,"
ALEXANDER SAVOV,
SVETOSLAV NEDELCHEV,
aka "Svetlyo,"
DANIEL YORDANOV,
aka "Dani,"
DEYAN SLAVCHEV,
aka "Dido,"
KARL POPOVSKI,
aka "Kiro Papata,"
NIKOLAY TODOROV,
aka "Niketsa,"
MLADEN GUEORGUIEV, and
DIMO DESHKOV,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any right, title and interest they may have in property constituting, and derived from, proceeds they obtained directly or indirectly as the result of such violations.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), include, but are not limited to, approximately $200,000.

4.      If any of the forfeitable property described above, as a result of any act or omission by defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION TWO

The SPECIAL MARCH 2013 GRAND JURY further alleges:

1.     The allegations contained in Counts Twenty Five through Twenty Nine of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

2.     As a result of their violations of Title 18, United States Code, Sections 1956(h) and 1956(a)(2)(B)(i), as alleged in Counts Twenty Five through Twenty Nine of the foregoing indictment,

GHEORGUI MARTOV,
aka "Mitsu,"
MIHAIL PETROV, and
EMIL GOSPODINOV,
aka "Emo,"

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title and interest they may have in property, real or personal, involved in such offense, or any property traceable to such property.

3.     The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) include, but are not limited to, approximately $50,000.

4.     If any of the forfeitable property described above, as a result of any act or omission by defendants:

a.     cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1);

All pursuant to Title 18, United States Code, Section 982(a)(1).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY